creditors who opposed the confirming of the resolution. The court remarked, that the creditors, being likely to get little under any circumstances, may have been desirous to discharge the debtor, but that it seems impossible to suppose that the majority of the creditors would come to such a resolution as that bona fide, for what they considered best for the creditors; that it appeared manifest that the majority of the creditors had been actuated by kindly motives towards the debtor; and that a resolution of that kind could not stand against the objection of the dissentient creditors. The court adds: "The act of parliament enables a certain majority of creditors to bind the minority, but it must be a majority who are bona fide voting for what they consider to be for the benefit of the creditors and with a view of making the best arrangement for the creditors; and if it is made plain that the resolutions come to are not made bona fide for the benefit of the creditors, but with the intent to discharge the debtor without any real benefit to the creditors, then, in my opinion, the minority of the creditors are entitled to object to the registration of such resolutions."

I do not pass on the question of jurisdiction raised, as the foregoing considerations suffice to show that the composition ought not to be confirmed.

HANNEGAN (BURROWS v.). See Cases Nos. 2,205 and 2,206.

HANNIBAL (FAUNTLEROY v.). See Cases Nos. 4,691 and 4,692.

HANNIBAL (NORTHWESTERN UNION PACKET CO. v.). See Case No. 10,343.

HANNIBAL, The (UNITED STATES v.). See Case No. 15,298.

HANNIBAL & ST. J. R. CO. (AETNA INS. CO. v.). See Case No. 96.

HANNIBAL & ST. J. R. CO. (BAILEY v.). See Case No. 736.

## Case No. 6,034.

### The HANOVER.

[Cited in The Atlas, Case No. 633. See Case No. 7,466.]

HANOVER, The (JONES v.). See Case No. 7,466.

HANOVER, The (SAUNDERS v.). See Case No. 12,374.

## Case No. 6,035.

HANOVER NAT.. BANK v. SMITH et al.

[13 Blatchf. 224.] [1]

Circuit Court, S. D. New York. Jan. 6, 1876.

REMOVAL OF SUIT—WAIVER OF RIGHT.

1. An action at law at issue in a state court was called for trial therein, and might, in the

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ordinary course, have been tried. The defendant applied for a postponement. This was refused by the court, except upon terms of the defendant's consenting to a reference. This he refused to do, but afterwards, and before the trial was actually commenced, he consented to a reference of the same for trial, to a person named. The order was made accordingly, and the immediate trial, which otherwise must have taken place, was thus avoided. The defendant then took proceedings to remove the cause into this court, under section 639, subd. 3, of the Revised Statutes of the United States, on the ground of prejudice or local influence. On a motion by the plaintiff to remand the cause to the state court: *Held*, that the defendant had waived his right to claim a removal of the cause under the section above named.

2. A party to a suit may, in that particular suit, waive his right to remove the suit to the federal court; and he may make such waiver after the suit is brought, not only by a stipulation or agreement, but by conduct which is equivalent to a waiver.

[Cited in McLean v. St. Paul & C. Ry. Co., Case No. 8,893.]

[Cited in Wadleigh v. Standard Life & Acc. Ins. Co., 76 Wis. 442, 45 N. W. 109.]

[This was an action at law by the Hanover National Bank against Benjamin E. Smith, impleaded with Clark R. Griggs. Heard on motion to remand cause to state court.]

Tracy, Olmstead & Tracy, for plaintiffs.
Lewis Sanders, for defendant.

JOHNSON, Circuit Judge. In this case, the removal into this court was claimed under section 639, subdivision 3, of the Revised Statutes, and was obtained accordingly. A motion is now made to remand the cause, as improperly removed. Before a trial had actually taken place, the defendant took the steps pointed out by the statute, to effect the removal, upon an affidavit by the defendant, stating that he had reason to believe, and did believe, that, from prejudice or local influence, he would not be able to obtain justice in the state court. The plaintiff was a citizen of New York, and the defendant Smith of Ohio; while the other defendant, who had neither been served with process, nor appeared, was a citizen of Delaware. They were sued upon several liabilities—Griggs as first endorser, and Smith as second endorser, of a promissory note.

The plaintiff urges, that the removal cannot be sustained, because the petitioner had, by consenting to a reference of the cause for trial by a particular person named, selected his own tribunal, and had, by thus consenting, prevented an immediate trial of the cause. This, the plaintiff insists, should preclude the petitioner from claiming a removal of the cause, under the subdivision of the section of the statute referred to. Two questions are thus presented—First, whether the right of removal in a particular case can be waived; and second, whether such a waiver should, in this case, be imputed to the defendant.

Upon the first of these questions we are